WILLIAMS, Judge.
This is a suit by the State of Louisiana through the Department of Highways to expropriate the rear portion of certain residential property owned by Odra A. Teekell measuring 35.3 feet on the west side, 40.10 feet on the east side, 50.34 feet on the north side, and 50 feet on the south line. This plot was taken for use as an upramp on Interstate Highway No. 20.
After trial on the merits the trial court fixed the severance damages at $6,000, the value of land taken at $600 and the value of improvements at $400 for a total of $7,000.
The State has appealed alleging the amount awarded to Teekell for just compensation should not exceed the $1,250 originally deposited by the State in the Registry of the Court and urging that *713 the court’s judgment be reversed and counsel for Teekell urges it be affirmed.
In reply to appellant’s position that the court erred in adopting the testimony of the defendant’s expert witnesses, it is our opinion that the trial court is correct in adopting the testimony of the witnesses for Teekell as to the values set forth in its opinion and this is equally true of the adoption of the testimony of the witnesses for the State when such testimony was applicable.
The primary concern of counsel for appellant is the severance damages awarded to Teekell. The appraisers for appellant reached the conclusion that at the time of the trial Teekell had not suffered any severance damages based on the following reasons:
1. That the remaining property could be sold for more or as much money as the original appraisal before the taking if a prospective purchaser could buy up adjacent lots, and if the property was rezoned from present residential restrictions to commercial;
2. That then the noise of vehicular traffic at all hours on 1-20 and the up-ramp adjacent to appellee’s property would not be considered a detriment to its ownership.
The trial court rejected the conclusions of appellant’s appraisers in regard to severance damages and was 'correct in refusing to consider testimony based on such speculative values or uses.
O. W. Deen, one of appellant’s appraisers, testified that the highest and best use at the time of taking was what it had been used for previously, that is, residential; and appraisers for appellee, A. R. Teague and O. C. Jordan agreed with him.
Upon the basis of residential use of the property, the appraisers Teague and Jordan testified that Teekell would have material severance damages. We agree with their conclusion since appellee’s back yard or playground area has been materially reduced.
Appellant urges the trial court erred in allowing public opinion to influence its decision. Such an indication is without merit or foundation. There are only the opinions of expert witnesses on what effect the existing conditions would have on a willing buyer and a willing seller, both before and after the taking of Teekell’s property, and the district court has relied on these opinions in its decision.
The deeds used • by appellant’s expert witnesses as comparable sales were rendered unreliable by the same experts. They stated that although they used such sales in their comparable sales method, such sales had to be adjusted by the opinion of the expert to be comparable to the property which is the subject of this suit.
The district court gave judgment of $1,000 for the value of the land and improvements taken. An examination of testimony of each of the witnesses shows that the court is well supported for this conclusion. Nothing is gained by detailing such testimony.
We have stated that the basis of the State’s experts in concluding there was no severance damages is not acceptable and the facts related by Teekell’s experts setting forth that there was severance damages suffered by Teekell are acceptable. The judgment of the district court awarding appellee the sum of $6,000 as severance damages is affirmed. The fees awarded the expert appraisers for appellee are not an abuse of the court’s discretion.
Therefore, the judgment of the district court is affirmed. Appellant is assessed with all costs of this appeal.