297 So.2d 220 (1974)
CITY OF LAFAYETTE, Louisiana, Plaintiff-Appellant,
v.
Irvin R. BABINEAUX, Defendant-Appellee.
No. 4597.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1974.
*221 Ronald J. Judice, Lafayette, for plaintiff-appellant.
Bean & Rush by James W. Bean, Lafayette, for defendant-appellee.
Before FRUGÉ, DOMENGEAUX and WATSON, JJ.
FRUGÉ, Judge.
This is a suit by the City of Lafayette, under the provisions of LSA-R.S. 19:1 et seq., to expropriate certain parcels of residential property owned by defendants, Hazel M. Langlinais, Ronald R. Borison, and Irvin R. Babineaux. The proceedings against Langlinais, Borison, and Babineaux were consolidated for purposes of trial.[1] The only issue before the trial court concerned the amount defendants were entitled to be paid for the taking of their property and for alleged severance damages. The trial court determined that the value of the Babineaux property expropriated was $1,272.60; an award for improvements of $500 was made, and $7,170.45 in severance damages was awarded corresponding to 15% of the value of the total property remaining after the taking. Regarding the Borison-Langlinais property, the trial court determined the value of the property expropriated to be $453.60; an award for improvements in the amount of $137 was made; and, additionally, $2,868 in severance damages, corresponding to 10% of the value of the total property remaining after the taking, was awarded. The expropriating authority has appealed and registered its objection to the property valuations as determined. It has additionally asserted that *222 the foremost issue concerns the correctness of the severance damages awarded to defendants. We affirm.
The following expropriated properties are described as set out in the following. The Babineaux tract entails:
"That certain parcel of land containing 1,818.5 square feet together with all improvements thereon, and which, according to `Maps of Survey for Rights of Way on South College Road Extension to be acquired by the City of Lafayette, Louisiana,' prepared by Roland W. Laurent and Associaties, Inc., February, 1973, a copy of which is on file in the office of the Lafayette Parish Clerk of Court filed under Act No. 609362 of the Lafayette Parish Records is shown as the portion of Parcel 4-3 contained within the `REQ'D R/W' designation. Said parcel has a frontage of 100 feet on Meaux Boulevard, a southeasterly line of 7.58 feet, a Northwesterly line of 31.48 feet and such other dimensions as are shown on said plot."
The property belonging to Mrs. Langlinais and Mr. Borison entails:
"That certain parcel of ground containing 756 square feet, together with all improvements thereon, and which, according to `Maps of Survey for Rights of Way on South College Road Extension to be acquired by the City of Lafayette, Louisiana', prepared by Roland W. Laurent & Associates, Inc., February, 1973, a copy of which is on file in the Office of the Lafayette Parish Clerk of Court filed under Act No. 609362 of the Lafayette Parish Records, is shown as the portion of Parcel 6-2, as being contained within the `REQ'D R/W' designation. Said parcel has a frontage of 100 feet on Meaux Boulevard, a Southeasterly line of 16.51 feet, a Northwesterly line of 1.17 feet and such other dimensions as are shown on said plat."
The defendants' expropriated property fronted on Meaux Boulevard. The boulevard itself is established within an 80-foot existing right of way, consists of two travel lanes separated by a neutral ground, and runs from Johnston Street for a distance of four blocks before dead-ending. The takings on Meaux Boulevard were required under the engineering plans adopted by plaintiff for a northeasterly extension of South College Road, past its intersection with Johnston Street. Meaux Boulevard connects with Johnston Street and, as a result of the expropriation, will become joined with South College Road. The extension of South College Road is to ultimately connect with Bertrand Drive, an arterial street, and thereby remove the traffic congestion problems associated with Johnston Street.
The Langlinais-Borison property is located at a point where the South College Road extension will merge with Meaux Boulevard. The Babineaux property is located at a point where Meaux Boulevard is to be realigned and connected with Bertrand Drive.
Prior to expropriation, the Borison home was situated approximately 38 to 39 feet from the existing right of way. After construction, the Borison home will be located approximately 29 feet from the newly established right of way, 16 ½ feet of front yard will be taken, and there will be an intersection on both sides of the home. The Babineaux home, prior to expropriation, was located some 52 feet from the former right of way. Subsequent to the taking, the distance between Babineaux's home and the new right of way will be approximately 28 feet.
The portion to be taken from Babineaux's tract will cut across the entire frontage to a depth of 31.48 feet on one side and 7.58 feet on the other. Whereas previously he enjoyed a rectangular lot with a frontage of 100 feet by approximately 178 feet in depth, the taking will leave him a frontage of approximately 100 feet, but one boundary line will be cut to 146 feet and the other to approximately 170 feet.
*223 From the Borison property a small triangular-shaped tract was taken. This taking altered the dimensions of the property from a former depth of 175 feet to a depth of 159 feet on one side and 173 feet on the other. The frontage remained approximately 100 feet, but similarly, as regards the post-expropriation Babineaux tract, the frontages will now be positioned in a curve, whereas prior to the taking they had paralleled the former Meaux Boulevard right of way.
On the basis of the foregoing facts, the trial court awarded a value of 70¢ per square foot in relation to the 1,818.5 square feet taken from the Babineaux tract, and 60¢ per square foot in regard to the 756 square feet taken from the Langlinais-Borison tract. In making this determination, the trial court evidently relied on the valuations as expressed by Mr. Preston Babineaux and Mr. Jessie Guidry, who were qualified as expert appraisers on behalf of the defendants. It is noted that the valuations of 56¢ per square foot expressed by plaintiff's witnesses, Mr. Dan Boudreaux and Mr. Allen Angers, were not far removed from the other appraisers' valuations of the property expropriated. We accordingly believe the trial court's acceptance of the 70¢ per square foot figure to have been well within his discretion.
The main controversy, as heretofore mentioned, regards the severance damages awarded. Messrs. Boureaux and Angers found that no severance damages resulted from the takings. However, the Babineaux-Guidry appraisal deemed severance damages in the amount of 20% of the value of the Babineaux tract remaining after the expropriation, and 10% of the value of the Borison tract remaining after the expropriation.
The plaintiff-appellant's main specification of error regards the trial court's reliance on the Babineaux-Guidry appraisal and the corresponding severance damage awards. The gist of appellant's argument is that the severance damage testimony of Mr. Babineaux was not supported by comparables and was primarily founded upon his past experience in these matters. Appellant's counsel also notes the testimony of Mr. Guidry, Mr. Babineaux's co-appraiser, which is alleged to indicate that Mr. Babineaux failed to sufficiently justify his finding of severance damages due. We are in agreement with appellant's learned counsel, that an appraisal may not be based solely upon the experience of an expert appraiser when completely unsupported by other relevant and material facts. However, we do not believe this to be the case in the instant matter.
Appellant urges that the mere fact that defendants have been inconvenienced or disturbed by the existence of a new right of way does not give rise to severance damages absent the showing that the market value of their properties has been diminished thereby. We are in complete agreement with this principal of our expropriation law.
Appellant also seeks to establish that the properties of the defendants would be enhanced by the construction of the new right of way in place of the former right of way. The evidence presented, however, revealed that any alleged benefits which may enhance the properties of defendants will be general in nature. Under our jurisprudence, only special benefits applicable to the owners of expropriated properties may be offset against any disadvantages resulting from the taking.
This court has been impressed by the following pertinent facts. Meaux Boulevard, prior to the taking, was a dead-end boulevard subject only to the traffic of the local residents. The speed limit was 25 miles per hour, and the boulevard provided a safe and quiet residential area. The extension of South College Road with Meaux Boulevard will convert the residential neighborhood into a highly traveled thoroughfare with a probable speed limit of some 45 miles per hour.
*224 Testimony was also adduced at trial that the South College Road extension will connect with Interstate 10 at the Alex Martin Road exit. In respect to the projected traffic which can be expected, Mr. Lawrence C. Harry, district traffic engineer for the Department of Highways, testified that the traffic count, in the year 1971, on South College Road near the Meaux Boulevard intersection was 16,990 vehicles per day, and on Johnston Street 26,450 vehicles per day. This would seem to indicate the terrific increase in vehicular traffic that can be anticipated to traverse the new Meaux Boulevard right of way. Mr. Roland W. Laurent, a civil engineer for the City of Lafayette, further testified that the South College Road-Johnston Street intersection is the most congested area in the City of Lafayette.
Mr. Babineaux's assessment of severance damages was founded upon the disadvantages to the respective properties, by reason of the closer proximity of the new rights of way and the accompanying changes which would result. It was apparent from the Babineaux-Guidry appraisal that the new right of way would effect a change in the highest and best usage of the property from residential to commercial; however, the area was very restrictively zoned to permit only residential property, and thereby the best use, i.e., commercial usage, could not be accomplished.
Mr. Babineaux also explained the basis for the difference in the percentage diminution in value, that is, 20% depreciation regarding the Babineaux tract,[2] and 10% regarding the Langlinais-Borison tract, on the basis that the amount of property taken from the Langlinais-Borison tract was much less than the taking from the Babineaux tract. Also, the post-expropriation distances from defendants' residences to the new right of way were in breach of the distance, between residence and right of way, required by the Meaux Boulevard subdivision building restrictions.
We are in agreement with the trial court in placing more weight on the Babineaux-Guidry appraisal than on the Boudreaux-Angers appraisals. As stated in the case of Central Louisiana Electric Company v. Fontenot, 159 So.2d 738 (La.App.3rd Cir. 1964), the established rule is that expert testimony should be given effect if it is well grounded from a standpoint of sincerity and good reasoning. We believe all expert appraisers to have been sincere in their work-products, but have found the Babineaux-Guidry appraisal to have been more in line with our jurisprudence.
In the case of State v. Bourg, 135 So.2d 600 (La.App. 1st Cir. 1961), severance damages, in the nature of proximity damages, were awarded. The damages resulted from the widening of a right of way whereby defendant property-owner's home became located in closer proximity to the highway. There, the proximity damages were found to entail a 10% diminution in the value of the house and lot. Also, apposite is the case of State, Department of Highways v. Moresi, 189 So.2d 292 (La. App. 3rd Cir. 1966), wherein severance damages were awarded in the amount of 25% of the loss in market value by reason of the taking. These damages were held to result from an expropriation whereby a heavily traveled highway became established more closely to the defendant property-owner's homesite. Again, in the case of State, Department of Highways v. Babineaux, 189 So.2d 450 (La.App. 3rd Cir. 1966), a percentage diminution was utilized in affording severance damages. Proximity damages were held to have resulted from an expropriation for highway purposes whereby the highway was relocated in closer proximity to defendant's home.
In regard to severance damages, we find that defendants' experts justified their percentage reduction upon a sound basis, that being the proximity damages sustained, which would effect a decrease in *225 the market value of the properties concerned. The sustention of the percentage method of calculation of severance damages was not excessive under the circumstances of this case, and certainly was well within the discretion of the trial court. We conclude that the injury suffered by the defendants was sufficiently proved by the evidence adduced, and defendants were, accordingly, adequately compensated by the trial court.
For the above and foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are to be assessed against appellant.
Affirmed.
NOTES
[1] In Suit No. 4597, only Irwin R. Babineaux is made defendant.
[2] The trial court, however, awarded 15% and 10% respectively to the property owners. This we believe to be well within the court's discretion.