326 So.2d 349 (1976)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS
v.
Cecil R. TYLER et al.
No. 56649.
Supreme Court of Louisiana.
January 19, 1976.
*350 Aubrey L. Moore, Glusman, Moore & Lopez, Baton Rouge, for defendants-applicants.
D. Ross Banister, William W. Irwin, Jr., Jerry F. Davis, Johnie E. Branch, Jr., Charles E. Pilcher, Baton Rouge, for plaintiff-respondent.
CALOGERO, Justice.
In this expropriation suit we granted writs upon application of defendant property owners to review a decision of the First Circuit Court of Appeal which had considerably reduced an award made by the Twenty-First Judicial District Court for the Parish of Livingston.
The property of defendants Cecil R. Tyler, William R. Copeland and Joseph L. Mallett, was located in Denham Springs, Louisiana. It was bounded on the west by a two-lane, blacktop road designated Range Road, which connected U.S. Highway 190 with the newly constructed Interstate Highway 12.
The property before the taking was a single rectangular parcel containing 37.1 acres, fronting about 1100 feet on the east side of Range Road with a depth of about 1300 feet running east.
The part taken consisted principally of a strip approximately 15 feet in depth along the entire frontage on Range Road, containing 0.429 acres. Additionally, three minute parcels totalling 0.019 acres, and located at various points just behind and adjoining the first parcel, were taken for drainage servitudes. Temporary construction servitudes were taken on five small parcels of land totalling 0.1075 acres. And a drainage servitude was taken over a 40 foot strip running east from Range Road and located about 200 feet south of the north boundary of the original tract, having an area of 1.321 acres. After completion of the project Range Road was a four-lane divided concrete highway.
The trial court had fixed the value of the part taken at $12,457.37 and severance damages at $35,684.31 for a total compensation of $48,141.68. The $12,457.37 sum *351 was based upon a per acre valuation of the subject property of $7,059.00.
The Court of Appeal in reviewing this element of the trial court award concluded that the fair market value for the part taken was $3,200.00 per acre, based in some measure upon use as a comparable of defendant's very acquisition of the property just three months before the taking for $2600 per acre. With this finding by the Court of Appeal that the part taken was valued at $3200 per acre for a total sum of $5,741.00 we have no disagreement. The Court of Appeal opinion adequately and correctly discusses the factors which support that finding, including the testimony of appraisers for both plaintiff and defendant.
What prompted our granting of writs in this case, however, was the decision of the Court of Appeal to disallow in its entirety the $35,684.31 in severance damages, fixed by the trial court.
The Louisiana Constitution of 1921, Art. 1, Sec. 2, which was in effect at the time of this taking, provides that private property shall not be "taken or damaged" unless "just and adequate compensation is paid." Just compensation for property taken is the fair market value thereof immediately prior to the taking without any enhancement by virtue of the purpose of the taking. State through Department of Highways v. Trippeer Realty Corp., 276 So.2d 315 (La.1973); State through Department of Highways v. Hayward, 243 La. 1036, 150 So.2d 6 (1963). Where a tract of land is partially taken, the landowners are entitled to any resulting damage to the remainder. These "severance damages" are given in addition to the award for the land actually taken. Louisiana Power & Light Co. v. Churchill Farms, Inc., 292 So.2d 183 (La.1974); Trippeer Realty Corp., supra. The burden of proving severance damages is on the property owner. Trippeer Realty Corp., supra; United Gas Pipe Line Co. v. Landry, 228 So.2d 565 (La.App.1st Cir. 1969).
The expropriation in this case was pursuant to the provisions of the Highway "Quick Taking Statute" in effect at the time of the expropriation and the trial. Louisiana Acts 1954, No. 107, § 1.[1] The statute provided that severance damages were to be determined as of the date of trial. The test developed by jurisprudence to measure severance damages under this provision, however, was the difference between the market value of the remaining property before and after the taking. State through Dept. of Highways v. M. G. Real La. 1035, 229 So.2d 89 (1969); State through Dept. of Highways v. M. G. Realty Co., 276 So.2d 918 (La.App.3rd Cir. (1973).[2]
In the present case, prior to the taking, the landowners had a single, more or less rectangular 30 acre tract of land, approximately 1100 feet along Range Road with a depth of 1300 feet. The state has now expropriated a 40 foot servitude extending from Range Road east across the entirety of the property with an S-turn on the eastern end. In this 40 foot servitude, the Department of Highways dug a ditch 35 feet across. As we appreciate the facts of this case, the ditch cut across a high portion of the property and did not coincide with the natural drainage.[3] As a result of this drainage servitude, the property owners *352 were left with a 6.54 acres remainder north of the servitude and a 27.73 acres remainder south of the servitude. Thus they now own two smaller parcels, rather than one large tract.
The two appraisers for the Department of Highways found no severance damages. Both Mr. Carlock and Mr. Allphin were of the opinion that no consequential or severance damages were caused by the taking. Their only reference or reason for this conclusion was that the servitude did not interfere with the natural drainage of the property. Mr. Carlock also stated at trial that in his opinion the value of the property was enhanced by the improvement of Range Road.[4]
Both appraisers for the landowners, Mr. Carpenter and Mr. Graham, found severance damages. The trial court, in awarding severance damages, adopted Mr. Carpenter's appraisal that such damages amounted to $35,684.31. Mr. Carpenter's opinion in this regard was based upon a comparison of a post-expropriation sale of 6.11 acres of the tract in question situated on the north side of the property about 500 feet east of Range Road and straddling the drainage servitude, with a post-expropriation option to purchase a similar size tract on the southern portion which did not straddle the drainage servitude. Because the sale was for $5,990.00 an acre and the option was for $7,000.00 per acre, he was of the opinion that the entire 35.331 acres remainder had been damaged to the extent of $1,010.00 per acre.
We find little logic in Mr. Carpenter's reasoning that, because a tract which straddled the ditch sold for a smaller sum than was expressed in an option on a tract which did not, each acre of the entire remainder was therefore damaged by a per acre sum equal to the difference in the per acre valuation of the sale and the option. Not every future sale of portions of the remainder will necessarily involve tracts which are divided by the ditch. Indeed the very tract which was the subject of the option was not in the vicinity of the ditch, and ostensibly did not suffer the $1,010 per acre reduction in value. Furthermore, an option is clearly something very different from an actual sale and is not an appropriate comparable without a more complete factual determination as to persons who took the option, why it was taken and why it was or was not exercised. We, therefore, reject the trial court's award of $35,684.31 in severance damages.
Nevertheless, we are convinced that the property owners in this case did suffer some damage as a direct result of the bisection of their property by the drainage servitude. Common sense dictates that this large tract of approximately 35 acres would likely have more versatile use and potentially bring more on the market than two smaller tracts divided by a fairly wide drainage ditch.
Mr. Graham, the second appraiser for the landowners, calculated $41,700.00 in severance damages by employing a different formula than the one used by Mr. Carpenter. He reasoned that the northern portion of the property, which was now a small tract of 6.54 acres and thus restricted in the type of use to which it could be put, sustained a 20% Reduction in value, and that the south portion of 27.73 acres, which was still fairly large but not as attractive for development purposes as a 35 acre *353 tract would be, sustained a 10% reduction in value.
We conclude that there is merit in applying this 20%-10% reduction in value theory to the facts of the instant case. These percentages, however, should not be applied to the valuation of $9,000.00 per acre as suggested by Mr. Graham, but rather to the $3,200 per acre valuation employed by the Court of Appeal in determining the fair market value of the part taken, the per acre valuation which we have concluded is proper. Applying this reasonable valuation, the severance damages for the north remainder are $4,185.60 and for the south remainder are $9,533.60, for a total of $13,719.20.[5]
Although Mr. Graham's 20%-10% reduction in value theory, as applied in this case, in not precisely accurate as to every acre of the property nor supported by extensive factual data, we are satisfied that it is a reasonable opinion which comports in result with the facts on the record and with our common sense belief that the subject property sustained severance damages equal to approximately a 12% reduction in value for the entire remainder.[6] Under the Louisiana Code of Civil Procedure, this Court has a mandate to "render any judgment which is just, legal, and proper upon the record on appeal." (Emphasis added) La.C.C.P. art. 2164. We have examined the record carefully and have concluded that an award of severance damages in the sum of $13,719.20 is appropriate in this case.
For the reasons assigned the judgment of the Court of Appeal is reversed in part and affirmed in part. The defendants are awarded $5,741.00 as the fair market value for the part taken and $13,719.20 as severance damages, for a total of $19,460.20 subject to a credit for the $2,870.00 heretofore deposited by plaintiff. As amended, the judgment is affirmed. All costs of this litigation which are legally assessable are to be paid one-half by the plaintiff and one-half by the defendants.
Amended and affirmed.
NOTES
[1] These statutory provisions were amended and reenacted by Acts 1974, Ex.Sess. No. 30, § 1 as La.R.S. 48:441 to 48:460. The effective date of the new provisions was January 1, 1975.
[2] The new provisions of the Highway "Quick Taking Statute" spells out the measure of compensation in La.R.S. 48:453:

"B. The measure of damages, if any, to the defendant's remaining property is determined on a basis of immediately before and immediately after the taking, taking into consideration the effects of the completion of the project in the manner proposed or planned."
[3] The natural drainage system prior to the taking was in the form of a ditch which ran from north to south along Range Road and then east down the south property line.
[4] An expropriating authority is allowed to offset against severance damages any special benefits accruing to the remainder of the property. Special benefits are those which arise from the peculiar relationship of the land in question to the public improvement, which will result from the taking. La. Highway Commission v. Grey, 197 La. 942, 2 So.2d 654 (1941). The expropriating authority has the burden of proving these special benefits. State through Department of Highways v. Trippeer Realty Corp., 276 So.2d 315 (La.1973); State through Department of Highways v. Central Realty Co., 238 La. 965, 117 So.2d 261 (1960). The state made no attempt to prove special benefits in this case.
[5] Calculating the 6.54 acres north remainder at $3200 per acre gives a total value of $20,928.00. The 20% reduction in value is, therefore, $4,185.60. Calculating the 27.73 acre south remainder at $3200 per acre gives a total value of $95,336.00. The 10% reduction in value is, therefore, $9,533.60.
[6] The total $13,719.20 reduction in value is equal to approximately 12% of the overall value of the remainder, calculated at the $3200 per acre valuation accepted by us today.