355 So.2d 283 (1978)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS, Plaintiff-Appellant,
v.
Everette E. BLAND, Jr., Defendant-Appellee.
No. 13462.
Court of Appeal of Louisiana, Second Circuit.
January 16, 1978.
Rehearing Denied March 1, 1978.
*284 William W. Irwin, Jr., Johnie E. Branch, Jr., Bernard L. Malone, Jr. by Bernard L. Malone, Jr., Baton Rouge, for plaintiff-appellant.
Hargrove, Guyton, Ramey & Barlow by Billy R. Pesnell, Shreveport, for defendant-appellee.
Before HALL, MARVIN and JONES, JJ.
En Banc. Rehearing Denied March 1, 1978.
HALL, Judge.
This appeal arises out of an expropriation pursuant to LSA-R.S. 48:441, et seq. The Highway Department expropriated the front 75 feet of defendant's residential property bordering Pines Road as part of a project to provide an interchange at Interstate Highway 20 and Pines Road near its intersection with Highway 80. As a result, defendant's home is now located approximately 32 feet from the new Pines Road right-of-way and 75 feet from the four-lane driving surface of the road. The trial court awarded defendant $8,125 as the total value of the property taken, including $5,075 for the land, $1,200 for the sprinkler system, $750 for the concrete driveway, $350 for trees and landscaping, and $750 for septic tank field lines. The court also awarded $11,035 as severance damages computed as follows:

Value before taking $65,000
Less: property taken 8,125
 _______
 $56,875
Less: value of rear
1/3 of land 1,700
 _______
 $55,175
Severance damages (20%) $11,035

At issue on the Highway Department's appeal is the amount of the severance damages. The Department contends there were none. No issue is made of the amount awarded for the property taken.
Plaintiff asserts error in the award of any severance damages and relies principally on a market study made by one of its experts and on a comparable sale of property in the area.
The defendant contends that the change in character of his home from "estate type" to ordinary subdivision type, loss of 75% of the front yard and its concomitant loss of privacy, increase in traffic noise and fumes, and impairment of access due to construction of a median divider in front of his *285 home were all items of damage properly considered by the trial court in fixing the amount of severance damages.
This court agrees with defendant and we affirm the trial court's decision.
Defendant's ten-year-old brick veneer residence was situated in the center of two lots which measured 225.46 feet fronting on Pines Road and approximately 350 feet deep.
The residence was originally set back 105 feet from the right-of-way of the two-lane road in compliance with the Hazel Hurst Subdivision restrictions. Such a deep setback gave the house the effect of being a country estate. That effect has been lost now that almost 75% of the front yard has been expropriated. The rear 121 feet of the property has a steep bank and ravine running through it which makes it considerably less valuable than the front portion. The rear portion was not considered to have been damaged by the taking, hence, the exclusion of its value from the computation of severance damages.
At trial, three experts, two for the Department of Highways and one for defendant, testified concerning the value of the land taken and the computation of severance damages.
Plaintiff's experts testified that there were no severance damages. One of plaintiff's experts did say that if there were any they were minimal and valued at only 5% of the value of the residence without the land and its detached improvements or $1,957. To support its opinion plaintiff introduced a market study which indicated that 82.8% of all lots subdivided in Caddo Parish had a minimum front setback of 30 feet or less. The present setback of defendant's property would, thus, be in line with the vast majority of residential lots in Caddo Parish.
A comparable sale adjusted by plaintiff's expert, James McNew, and defendant's expert, O. L. Jordan, giving to defendant's property an after value of $59,275 and $57,075 respectively was also introduced in support of plaintiff's position. Plaintiff argues that a comparable sale is the best indication of "after" value for purposes of calculating severance damages.
Defendant's expert expressed the view that the loss of estate character, the loss of the front and most valuable portion of the lot, the increase in traffic noise and fumes and the limited access due to the median had damaged the remaining property.
He used the percentage approach to arrive at an amount of severance damages. He calculated the percentage of damage by reasoning that had the entire front yard been taken the residence would have suffered 50% severance damages but since the taking was only 71.43% of the front yard, the damage to the entire property was 71.43% × 50% or 35.71% of the value of the front 225 feet damaged by the taking. All the experts generally agreed to and the court accepted a "before" value of $65,000. Subtracting the value of the land taken ($8,200) leaves an "after" value of $56,800 from which he subtracted the value of the undamaged portion ($1,700). He then calculated the amount of severance damages in round numbers to be $19,600 or 35.71% of $55,100.
The trial judge accepted defendant's formula, recognizing that severance damages may be properly set at a percentage of the value of property remaining and citing City of Lafayette v. Babineaux, 297 So.2d 220 (La.App. 3d Cir. 1974). He was of the opinion, however, that taking into consideration the opinions of all the expert appraisers, the percentage of severance damage to the remainder was nearer to 20% of the remainder. The court indicated that it was not necessary to deduct the value of the rear 121 feet ($1,700) before calculating the amount of severance damages but did so anyway.
Severance damages are an award made to the owner to compensate him for any decrease in value of the remainder of his property due to a partial taking. Severance damages are defined as the difference between the value of the remaining property before and immediately after the taking. State, Department of Highways v. Denham Springs Development Co., Inc., 307 So.2d *286 304 (La.1975); State, through Department of Highways v. Hoyt, 284 So.2d 763 (La. 1973).
The one comparable sale relied on by plaintiff is not convincing or persuasive as to the after-taking market value of the defendant's property. The sale was of property in another subdivision, on a two-lane section of the Pines Road, and different in characteristics from the property in question. Comparable sales, although often convincing evidence, are only one of the tests to be used in establishing market value.
The subdivision setback study made by the plaintiff's appraisers also lacks persuasiveness as it relates to severance damage to defendant's property. The property in question is not, even after the taking, typical subdivision property, either in size or location.
Some factors which may be considered by the expert appraisers in arriving at after-taking market value are limitation of access through construction of median dividers, State, Department of Highways v. Strickland, 290 So.2d 714 (La.App. 1st Cir. 1974), writs refused, 295 So.2d 177 (La. 1974); State, Department of Highways v. Cangelosi, 290 So.2d 806 (La.App. 1st Cir. 1974); State, Department of Highways v. Bagwell, 255 So.2d 852 (La.App. 2d Cir. 1971), writ refused, 260 La. 456, 256 So.2d 442 (1972); increased traffic noise, fumes and vibration, State, Department of Highways v. Garrick, 260 La. 340, 256 So.2d 111 (1971); State Department of Highways v. Banquer, 308 So.2d 520 (La.App. 4th Cir. 1975); loss of privacy and appeal as "estate type" home, State, Department of Highways v. Banquer, supra; and loss of front yard and proximity to highway, State, Department of Highways v. Mims, 336 So.2d 24 (La.App. 3d Cir. 1976), writs refused, 339 So.2d 16 (La.1976).
The percentage approach in determining amount of severance damages has been approved by the Supreme Court in State, Department of Highways v. Tyler, 326 So.2d 349 (1976).
This court finds no manifest error in the trial court's finding of severance damages caused by the combination of the aforementioned factors. The amount of damages awarded fairly compensates defendant for the reduction in value of his remaining property.
The judgment of the district court is affirmed.
Affirmed.