348 So.2d 701 (1977)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS
v.
Clino B. RUCKSTUHL et al.
No. 11404.
Court of Appeal of Louisiana, First Circuit.
July 11, 1977.
*702 Alvin J. Liska, New Orleans, Johnie E. Branch, Jr., Baton Rouge, for plaintiff-appellee.
Richard W. Brown, Dale E. Branch, Bogalusa, for defendants-appellants.
Before LANDRY, EDWARDS and COLE, JJ.
EDWARDS, Judge.
The Department of Highways, pursuant to LSA-R.S. 48:441 et seq., instituted this proceeding on May 26, 1969, to acquire approximately seven and one-half acres of land owned by the defendants for use in the relocation and improvement of La. Highway 41 near Talisheek in St. Tammany Parish. The defendant-owners answered and filed a reconventional demand seeking an increase in the compensation for the property taken and an award for severance damages. After trial on the merits, the trial court rendered judgment sustaining the amount of $5,401.00 previously deposited as just and adequate compensation for the property expropriated; and rejecting the defendants' reconventional demand. From this judgment, the defendants have appealed, contending that the trial court committed manifest error in denying severance damages. The adequacy of compensation for the property taken is not before us on this appeal.
The expropriated property consists of a strip of approximately seven and one-half acres taken from a tract of approximately 160 acres. The 160 acre tract is located on old La. Highway 41, the Bush-Talisheek Highway, just north of the trading center in Talisheek. The original entrance to the property was off old La. 41.
Prior to the taking, the property was used primarily for cattle raising and timber operations, though, at one time, gravel operations were also conducted on a portion of the property.
The improvements on the property included a large plantation-type home surrounded by a well landscaped yard and a number of auxiliary buildings, including a barn, carport, tool shed, etc. The entirety of the tract was fenced and cross-fenced because of the cattle raising operation. No improvements other than fencing, were on the property taken.
After the taking, the property was split by the new highway into two remainders; a southern remainder of approximately 38 acres including the house and auxiliary buildings, and a northern remainder of approximately 114 acres, primarily woodlands.
The trial court found that an award of $550.00 per acre for wooded land taken, $750.00 per acre for pasture land taken, $0.30 per foot for fencing taken and $20.00 for a construction servitude was just and adequate compensation for the property taken. This amounted to a total of $5,363.00. However, the trial court citingState, Department of Highways v. Baddock, 170 So.2d 5 (La.App. 1st Cir. 1964), held that the Department was bound by the amount of its original deposit ($5,401.00) as it did not file amended pleadings prior to trial estimating a lower amount; and that the property owners were entitled to the *703 amount of the original deposit. The trial court did not find any severance damages.
The defendants contend that the trial court committed manifest error: (1) in denying severance damages, and (2) in failing to award the cost of fencing the new right-of-way.
Severance damages are defined as damage to the remaining property because of its separation from the expropriated property. State, Department of Highways v. Ponder, 345 So.2d 106 (La.App. 1st Cir. 1977). These damages are calculated as the difference between the market value of the remaining property immediately before and the market value immediately after the taking. State, Department of Highways v. Hoyt, 284 So.2d 763 (La.1973).
The burden is on the property owner to prove with legal certainty by a preponderance of the evidence that the remaining property has sustained severance damages.State, Department of Highways v. Ross Continental Motor Lodge, Inc., 328 So.2d 883 (La.1976).
Once severance damages have been proven, the expropriating authority may show that the property has received special benefits from the taking. These special benefits may offset the severance damages sustained by the property. State, Department of Highways v. Nisbet Properties, Inc., 309 So.2d 398 (La.App. 2nd Cir. 1975).
In the instant case, the defendants maintain that the remaining property has suffered severance damage in three respects:
(1) The location of the new highway has destroyed the seclusion and privacy of the south remainder and greatly increased the noise at the residential site thereby reducing the value of the south remainder;
(2) The new highway has segregated the auxiliary agricultural buildings on the south remainder from the agricultural operations on the north remainder and thereby reduced the utility of these buildings; and
(3) The location of the highway has reduced the value of the north remainder for agricultural operations because the support buildings are across the highway on the south remainder.
The two appraisers who testified on behalf of the Department stated that they found no severance damages. Both testified that the location of the new highway 220 feet from the residence on the south remainder did not diminish the value of the property, as houses set back as much as 220 feet from the street were the exception rather than the rule in that vicinity. Both felt that the auxiliary buildings had not suffered any loss of value because of the taking, as they could still be used, as previously, for agricultural purposes with but a small amount of inconvenience or could be used purely for storage. Both appraisers stated that the highest and best use of the north remainder after the taking had been changed from that of an agricultural operation to that of a small acreage rural subdivision. Based on this highest and best use demonstrated by comparables, they stated that the north remainder had not suffered any diminution in value. Rather, they opined that the north remainder had received a special benefit because of the taking, as the new highway provided easy access to this property which had been previously rear land.
The landowners' two appraisers testified that the property had suffered the severance damages alleged by the defendants. One of the experts fixed the amount of damage at 20% ($23,400.00) and the other set damages at 25% ($31,513.93). Both appraisers testified that the amount of damage was calculated without the aid of comparables and constituted solely a reasoned opinion. Additionally both appraisers discounted any special benefit to the north remainder because they felt a rural subdivision was not feasible, and that the highest and best use remained an agricultural operation. They stated that the additional access and frontage did not benefit such a farming operation.
The trial judge stated in his written reasons that he accepted the testimony of the Department's appraisers as correct in not finding any severance damage. *704 The law is well settled that in expropriation proceedings the trial court's factual determinations as to severance damages and his evaluation of, and the weight given to, the testimony of expert witnesses will not be disturbed on review absent a showing of manifest error. State, Department of Highways v. Wax, 295 So.2d 833 (La.App.1st Cir. 1974); State, Department of Highways v. William T. Burton Industries, Inc., 219 So.2d 837 (La.App.3rd Cir. 1969).
We find no manifest error in the trial court's acceptance of the Department's experts' testimony.
Defendants also contend that the trial court erred in failing to award the cost of fencing the new right-of-way.
Counsel for the Department argues that this issue of special damage is not properly before this Court as it was not alleged in defendants' pleadings; and that objections were timely raised to any enlargement of the pleadings at trial.
Additionally, counsel states that the highway department has placed a fence on the new right-of-way as it does in every case when a new highway is erected.
An examination of the defendants' reconventional demand reveals that the only mention of a claim for fencing is concerning the fencing actually taken by the highway department. Defendants did not assert a claim for the cost of fencing the new right-of-way. We believe that the Department's argument is well founded. Accordingly, we do not reach defendants' second contention.
For the reasons assigned, the judgment appealed is affirmed at appellants' cost.
AFFIRMED.