372 So.2d 632 (1979)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS
v.
Evelina Pierce WILSON et al.
No. 12636.
Court of Appeal of Louisiana, First Circuit.
May 29, 1979.
*633 H. Michael Aaron, Crawford, Lambert & Goldsmith, Gonzales, for defendants and appellees.
Robert Ledoux, James Russell, Johnie E. Branch, Jr., Baton Rouge, for plaintiff and appellant.
Before CHIASSON, EDWARDS and SARTAIN, JJ.
EDWARDS, Judge.
The Department of Highways instituted this expropriation proceeding pursuant to LSA-R.S. 48:441 et seq. to acquire .299 of an acre of land owned by defendants for use in the construction of I-10 in Ascension Parish near Gonzales. The defendants answered, seeking additional compensation for the land taken and an award for severance damages. After trial on the merits, the trial court rendered judgment in favor of the defendants for the sum of $10,372.10 ($568.10 as the stipulated value of the land and $9,804.00 as severance damages), less a credit of $399.00 for the sum deposited by the Department. From this judgment, the Department has appealed.
The sole issue presented for review is severance damages.
Prior to the taking, defendants owned a rectangular tract of and containing approximately 41 acres. The land had frontage on three roads, Louisiana highway 940 on the north of the land, a parish road on the east, and Louisiana highway 30 on the south, and was located at the southwest quadrant of the intersection of La. 940 and the parish road. Three buildings were situated on the landtwo frame residences and another building which was being used as a barber shop and bar. Additionally, the property was within walking distance of numerous other homes and a junior high school.
As a result of the taking, the property is now severed from the populated area to the north by the interstate highway.
Only three witnesses, all expert appraisers, testified at the trial: two appraisers on behalf of the Department and one appraiser for the defendants.
The two appraisers who testified on behalf of the Department stated that they found no severance damages. Both testified that the highest and best use for the land was the same after the taking as it had been before, and that the value of the remainder after the taking was unchanged from its previous value.
The defendants' appraiser, Kermit Wayne Williams, on the other hand, testified that the property had suffered severance damages. He stated that the highest and best use of the land prior to the taking was small acreage homesites with some local commercial use along the northern corner of the property. After the taking, he believed that the highest and best use for the entire tract was small acreage homesites, but to a lesser degree with a lower value. Williams based his conclusion on the isolation of the property from the more populated areas and from the growth pattern of the city of Gonzales caused by the intervening highway. He noted that there was considerable new development along the parish road north of the interstate while there was no development in the area of the subject property. Williams calculated that the property had suffered a diminution in value of 10% or a $8,804 loss as a direct result of the taking. Additionally, he concluded that the building containing the barbershop and bar had lost its utility, and that $1,000 was needed in damages to convert it back to a residential use.
The trial judge, in his reasons for judgment, found that the property had suffered severance damages, and accepting Williams' testimony, awarded $9,804 in damages to defendants.
The Department, in the first of its two specifications of error, maintains that the trial judge erred in accepting Williams' report and testimony on the issue of severance damages. It argues that Williams' testimony is unsupported opinion and based on two noncompensable factors, circuity of travel and loss of business.
Severance damage is any depreciation in market value of the remainder of a *634 landowner's property caused by the taking. Such damages are recoverable and are ordinarily calculated as the difference between the value value of the remaining property before and after the taking. State, Department of Highways v. Denham Springs Development Co., Inc., 307 So.2d 304 (La.1975). The burden of proving severance damages rests on the landowner, who must prove such damages with legal certainty by a preponderance of the evidence. State, Department of Highways v. Levy, 242 La. 259, 136 So.2d 35 (1961). However, there is no fixed or artificial formula by which such damages must be proved. Louisiana Power & Light Co. v. Churchill Farms, Inc., 292 So.2d 183 (La.1974). In fact, the informed and reasoned opinion of an expert, corroborated by the facts in the record, may be sufficient proof of a severance damage loss, especially where it is accepted by the trier of fact. State, Department of Highways v. Ross Continental Motor Lodge, Inc., 328 So.2d 883 (La.1976); State, Department of Highways v. Denham Springs Development Co., Inc., supra, and cases cited therein.
In expropriation proceedings, the trial court's factual findings as to severance damages and the evaluation of, and the weight given to, the testimony of expert witnesses will not be disturbed on review absent a showing of manifest error. State, Department of Highways v. Ruckstuhl, 348 So.2d 701, 704 (La.App. 1st Cir. 1977); See Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The trial judge accepted Williams' opinion that the remainder was damaged. We believe his testimony that the defendants were deprived of the full potential of future development as a result of the taking is corroborated by the facts in the record and is not entirely speculative.
Regarding the Department's contention that Williams' determination of damages rests on two allegedly noncompensable factors, we cannot agree. It is apparent from the record that Williams based his opinion that the remaining property had sustained severance damages on the change of the highest and best use of the land as a result of its isolation from the growth pattern of the city of Gonzales. We need not and do not reach the issue of whether circuity of travel and loss of business are noncompensable items when dealing with severance damages.
After careful review of the entire record, we are convinced that the defendants have established their entitlement to severance damages by a preponderance of the evidence. We do not find that the trial judge's acceptance of Williams' testimony amounts to manifest error or that such is clearly wrong. Arceneaux v. Domingue, supra.
The amount of damages was based on a 10% diminution of the value of the remainder ($8,804), plus $1,000 rehabilitative damages to convert the building containing the barbershop and bar to a residential use. We cannot say that the trial judge committed manifest error in using the 10% damage figure proposed in Williams' estimate. However, the $1,000 award to convert the barbershop structure to a residence has no evidentiary basis in either Williams' report or the testimony presented at trial. Although Williams opined that the land had lost its commercial use, he did not state that the building or the businesses were in anyway damaged as a result of the taking. The award will be reduced to disallow this $1,000 item.
The Department's second specification of error contends that the trial judge should have refused to award severance damages inasmuch as damages were denied with regard to an adjacent piece of land in the case of State, Department of Highways v. Willard, et al., affirmed by this Court in an unpublished opinion (No. 11,910) on March 20, 1978.
There is no merit in this contention. Each case is decided on its own facts based on the evidence presented to the trier of fact.
For the above reasons, the judgment of the trial court is amended to reduce the award in favor of the defendants to the *635 sum of $9,372.10, less the $399 credit, and is affirmed in all other respects. Costs are assessed against the Department insofar as allowed by law.
AMENDED AND AFFIRMED.