DOUCET, Judge.
This expropriation suit was brought by the State of Louisiana through the Department of Transportation and Development (Department) against Mattie Belle McDonald Gagnard, Carole Gagnard Messick, Elsie Jean Gagnard Cain and Robert Gag-nard under the provisions of LSA-R.S. 48:441, et seq. The Department deposited $259.50 into the registry of the district court for the taking. However, when the issue of compensation was tried, it was stipulated by the parties that $964.00 was just compensation for the 0.4 acre strip of land that was expropriated. Following the trial, the district court found that in addition to that amount the defendants were entitled to severance damages totaling $19,355.00. Judgment was rendered in their favor in the sum of $20,319.00, with all costs being taxed to the Department.
The Department appealed, alleging that the trial judge erred by (1) awarding the defendants severance damages, (2) failing to allow it a credit for the amount it had deposited, (3) including in the court costs fees of $75.00 for each witness for depositions which were never taken, and (4) casting it with all court costs.
The defendants also appealed. They allege that the trial court erred by failing to assess as costs their expenditures for appraisals of the property.
The property, which was expropriated, was part of a 2.3 acre tract located in Avoyelles Parish just outside of the northwest corporate limits of the City of Marks-ville. The tract has approximately 500 feet of frontage on the south side of Louisiana Highway 1 and contains numerous improvements, which are being used in a commercial operation known as the Ranch House Motel. The improvements include three separate buildings containing 18 motel units, a restaurant and office building, a laundry building, storage sheds, and a residential type building, which is rented out to large groups, such as seismic exploration crews and sequestered juries.
A 10 foot wide strip was taken from the northwest corner of the tract. It begins at the western property line and extends easterly and parallel to the pre-existing highway right-of-way a distance of 178 feet, ending near the northwest corner of the restaurant-office building. The strip, which contains no improvements other than a chain link fence, was part of the front yard of the residential building.
All of the experts, who testified at the trial, agreed that the parent tract is worth approximately $200,000, and that its highest and best use is commercial. Their opinions varied, however, on the issue of severance damages.
The Department’s expert appraisers, Mr. Perry Futtrell and Mr. Byron Core, found that there was no damage to the remainder. They concluded that any effect that the taking would have on the continued operation of the motel would be negligible. They acknowledged that the residential building would be closer to the right-of-way after the taking. However, they noted that it remains as far from the right-of-way as the restaurant-office building and the motel unit building, which were not affected by the taking.
*93 That opinion was challenged by the defendants’ experts, Mr. Kermit Williams and Mr. Richard Dupuy. They found that the remainder had suffered a 30% diminution in market value as a result of the taking. Their conclusions were based on several factors, which included the loss of off-street parking, the proximity of the residential and restaurant-office buildings to the right-of-way, and the change in the shape of the right-of-way and the remaining land.
The trial judge accepted those conclusions, while rejecting those advanced by the Department’s experts, and he utilized Mr. Williams’ figures in making the award to the defendants. The Department contends that he erred in doing so. We agree.
It is well settled that the burden of proving severance damages is on the landowner, who must prove them with a legal certainty by a preponderance of the evidence. State, Department of Highways v. Ross Continental Motor Lodge, Inc., 328 So.2d 883 (La.1976); State, Department of Highways v. Wilson, 372 So.2d 632 (La.App. 1st Cir. 1979); Louisiana Gas Purchasing Corporation v. Sincox, 368 So.2d 816 (La. App. 2nd Cir. 1979). The informed and reasoned opinions of experts may be sufficient proof of a severance damage loss, if they are corroborated by the facts in the record. State, Department of Highways v. Ross Continental Motor Lodge, Inc., supra; State, Department of Highways v. Wilson, supra. However, where an expert opinion as to severance damages is based on a percentage method of diminution in value (as were the opinions of the defendants’ experts in this case), it must be based on actual evidence of market value or on some sound reason which would effect a decrease in market value. Otherwise, it must be considered only as an individual and unsupported expression of opinion. State, Department of Highways v. Turpin, 348 So.2d 135 (La.App. 3rd Cir. 1977); State, Department of Highways v. Christy, 283 So.2d 533 (La.App. 1st Cir. 1973).
The defendants’ experts did not base their opinions that the property had suffered a 30% diminution in value on any actual evidence of market value, such as comparative sales. Their conclusions were based instead on what they believed that the reactions of prospective purchasers of the property would be.
One reason why they felt that a prospective purchaser would discount the value of the property was the lack of off-street parking. We agree that in some instances the loss of parking spaces could effect a decrease in market value. See for example, State, Department of Highways v. Denham Springs Development Company, Inc., 307 So.2d 304 (La.1975). However, the evidence in this case shows that no parking spaces were actually taken. The motel complex was originally built too close to the right-of-way to allow off-street parking in any area except in front of the residential building. Prior to the taking, less than 10 cars could have been parked there without encroaching on the right-of-way. That area was never utilized for parking, however, since there is an adequate parking area within the inner confines of the complex. In view of the fact that there is presently an adequate parking area and the fact that there is room for additional parking on the sides and in the rear of the complex, we cannot agree that the loss of the potential for off-street parking in the area of the taking effected a reduction in the market value of the property.
The defendants’ experts also felt that the property was worth less after the taking because of the change in the shape of the right-of-way. They reasoned that an informed purchaser would assume that at some future date the Department would widen the highway to the extent of its right-of-way, causing a dangerous situation due to its proximity to the restaurant-office building. They acknowledged the facts that the project for which the property was expropriated does not involve widening the highway beyond the limits of the pre-existing right-of-way, and that the property was taken for drainage purposes only. Nevertheless, they conjecture that the proximity of the right-of-way would engender fear in a prospective purchaser.
*94 We do not believe that this kind of speculation can properly be considered sound reasoning, which is sufficient to prove a severance damage loss. Since there is no actual evidence of market value to substantiate the percentage diminution in value claimed by the defendants, we conclude that the district court manifestly erred in awarding severance damages. The judgment will be amended accordingly.
The judgment is amended to allow the Department a credit for the amount that it deposited, and to delete the provision for deposition fees, since the record does not reflect the fact that any depositions were taken. These errors, which are not disputed by the defendants, are apparently due to an oversight when the judgment was drafted. With regard to the Department’s liability for the court costs, we find no error in the judgment, other than its failure to express those costs in a specific amount. LSA-R.S. 13:5112; State, Department of Transportation and Development v. Van Willett, 386 So.2d 1023 (La.App. 3rd Cir. 1980).
The only remaining issue is the defendants’ request for an increase in the award for expert witness fees. Mr. Williams testified that the fee for his services was $1,500. The defendants argue that the award should have been for that amount. The agreement between a landowner and his expert witness concerning the latter’s fees is not the criterion to be used by the trial court in fixing such fees, however. The fixing of expert fees is within the sound discretion of the trial court, and such awards will not be disturbed on appeal absent a finding of abuse of that discretion. State, Department of Highways v. Kornman, 336 So.2d 220 (La.App. 1st Cir. 1976); State, Department of Highways v. Beauregard Development Company, Inc., 279 So.2d 787 (La.App. 3rd Cir. 1973), writ denied, 281 So.2d 759 (La.1973). We find no error in the trial judge’s allowance of $150.00 for court appearances. However, the fees to be paid to expert appraisers are based not only on their court appearances, but also on the preparatory work done by them. State, Dept. of Highways v. William T. Burton Industries, Inc., 219 So.2d 837 (La.App. 3rd Cir. 1969). Bearing in mind the great discretion accorded the trial judge in these matters, we cannot agree that $150.00 is sufficient to compensate these experts for the time and skill that is reflected in their comprehensive written reports. The award is therefore amended to increase it to $500.00 for each expert.
For the reasons assigned, the judgment of the trial court is amended to read as follows:
IT IS ORDERED, ADJUDGED AND DECREED, that there be judgment herein in favor of the defendants, MATTIE BELLE McDonald GAGNARD, CAROLE GAGNARD MESSICK, ELSIE JEAN GAGNARD CAIN and ROBERT GAG-NARD and against the plaintiff, State of Louisiana, Department of Transportation and Development in the amount of NINE HUNDRED SIXTY-FOUR AND NO/100 ($964.00) DOLLARS, subject to a credit in the sum of TWO HUNDRED FIFTY-NINE and 50/100 ($259.50) DOLLARS, which was deposited by the plaintiff on October 14, 1975.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the difference between the amount deposited and the amount awarded, SEVEN HUNDRED FOUR AND 50/100 ($704.50) DOLLARS, is to bear interest at the rate of 7% from October 14, 1975 until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that expert witness fees are hereby fixed at the sum of FIVE HUNDRED AND NO/100 ($500.00) DOLLARS per witness and said fees are taxed as costs.
The judgment of the trial court is further amended to fix all costs of the trial court against the State of Louisiana, through the Department of Transportation & Development, pursuant to LSA-R.S. 13:5112, in the sum of $103.00. In all other respects, the judgment of the trial court is affirmed.
Costs of this appeal are fixed in the amount of $452.00 and are taxed to the *95 State of Louisiana through the Department of Transportation & Development.
AMENDED AND AFFIRMED.