CHIASSON, Judge.
The State of Louisiana, through the Department of Highways instituted this suit to expropriate a tract of land in St. Tammany Parish fronting on U.S. Highway 190 from the defendant, Gordon J. Bitterwolf. The land was needed as part of a State and Federal project to widen, improve and surface State Route La-U.S. 190 as a controlled access highway. James H. Heap intervened in the action contending that although he is not a record owner of the land, he nonetheless owns an undivided one-half interest in the land by way of a counter letter.
An order of expropriation was signed by the Court of February 3, 1975.[1] On the same day the State deposited into the registry of the court the sum of $21,395.00 which represented the state’s estimated value of the land expropriated. After withdrawing the funds deposited, Bitterwolf answered the petition of the State alleging that the just compensation of the property taken and severance damages to the remainder was in the amount of $75,000.00.
A trial on the merits ensued with the State offering the testimony and reports of their two appraisers, Leland L. Landry and Henry B. Breeding, Jr. Their reports, although differing in actual value of the land, used comparable sales in arriving at their valuations. They confined their comparable sales to an area south of 1-12 which intersects U.S. 190 about one and one-half miles north of the property expropriated. Both reports conclude that no severance damage was occasioned to the remainder of the land by the taking of the smaller portion. Mr. Landry’s appraised value of the land at $21,395.00 was the value the plaintiff deposited in the registry of the court. This value represents an appraisal of 95<t a square foot.
Defendant’s appraisers, Robert Boettner and James A. Stevenson, also used comparable sales of property for determining the value of the property expropriated. They used sales from north of 1-12 as well as comparable sales from south of that point. They concluded that because of a loss of average depth of the property due to its irregular shape and because the accessability to the property is now restricted the remainder of the property had suffered severance damages.
The Trial Court, following a practice that was prevalent in its district among the other judges, stated that it was proper to look to sales north of 1-12 as comparables in order to value property south of 1-12. It went further and found that the report of Mr. Stevenson was impressive and fixed the fair market value of the land expropriated at $1.85 per square foot. In addition it found that the remaining property had been damaged to the extent of $29,917.01. The defendant’s appraisers fees were set by the court and attorney’s fees were set at 25% of the aggregate of the principal and interest.
The plaintiff has filed in this court a peremptory exception of “no right of action.” La. C.C.P. arts. 927 and 2163. Finding no merit in the exception it is hereby *382 overruled. The defendant, did not institute any action, so there exists nothing against which or to which an exception can be filed. The defendant being the party sued by the State, is the proper person to challenge the amount of just compensation awarded him. Finally, a party to an action cannot challenge a theory of recovery by way of an exception.
The record reveals that in 1968 the State of Louisiana made an announcement that La-U.S. 190 and the North Causeway approach from 1-12 to Lake Pontchatrain Causeway would be a controlled access highway. Service roads would be erected on the property fronting U.S. 190 and only two interchanges were contemplated in the immediate area. The effect of this announcement resulted in depressing property values south of the interstate. Because the depressed value of the properties was caused by the proposed improvement, the judges in the district have followed a practice of allowing appraisers to use comparable sales north of 1-12 to value property south of 1 — 12. A review of these sales by one of the appraisers shows a two to one price difference between the two areas.
Mr. Bitterwolf bought the 1.34 acre tract of land (consisting of 57,717 square feet) on March 10, 1973, from Edward A. Elfer. The purchase was some four and one-half years after the announcement and less than two years before the expropriation by the State. The State took 22,520 square feet of the undeveloped land with 75 feet being front footage.
The applicable law starts with the 1974 Louisiana State Constitution which states in Article 1 Section 4 that, “the owner shall be compensated to the full extent of his loss.” Louisiana Revised Statutes, Title 48, Section 453 provides:
“A. The measure of compensation for the property expropriated is determined as of the time the estimated compensation was deposited into the registry of the court, without considering any change in value caused by the proposed improvement for which the property is taken.
“B. The measure of damages, if any to the defendant’s remaining property is determined on a basis of immediately before and immediately after the taking, taking into consideration the effects of the completion of the project in the manner proposed or planned.”
The landowner is entitled to the actual market value of the particular portion of property taken and to any severance damages caused to the remaining property because of the taking. State, Department of Highways v. Tyler, 326 So.2d 349 (La. 1976); State, Dept. of Highways v. Trippeer Realty Corp., 276 So.2d 315 (La.1973); State, Department of Highways v. Whitman, 313 So.2d 918 (La.App. 2nd Cir. 1975).
As stated by this court in State, Through Dept. of Highways v. Romano, 343 So.2d 222, 226 (La.App. 1st Cir. 1977):
“Just compensation for property taken is the fair market value thereof according to its highest and best use, immediately prior to the taking without any enhancement by virtue of the purpose of the taking. State, Department of Highways v. Hoyt, 284 So.2d 763 (La.1973); State, Department of Highways v. Trippeer Realty Corporation, 276 So.2d 315 (La. 1973).”
The market value is “the price which would be agreed upon by a willing and informed buyer and seller in the condition in which the property stood at the time of expropriation.” State, Dept. of Highways v. Dyess, 350 So.2d 1304 (La.App. 3rd Cir. 1977).
One method to determine what a willing seller would pay for the property is “to consider comparable sales, adjusting them to compensate for their relative good and bad features with regard to the property expropriated.” Romano, supra, p. 226.
In this case we must place a value on property that all parties know has a depressed value as of the time of the taking. This is an effect of the proposed project and should not be used in determining market value. La.R.S. 48:453. The District Court has allowed the use of com *383 parable sales north of 1-12 to determine the value of land south of 1-12. Under the facts of this case, the true market value of the expropriated land can properly be ascertained by considering sales north of 1-12.
Since neither of the State’s appraisers used comparable sales north of 1-12, their reports reflect only the depressed value of the land resulting from the proposed improvements. They, therefore, do not reflect the true market value of the property taken. The trial court found the report of James A. Stevenson to be noteworthy since he did consider the sales north of 1-12. The trial court fixed the fair market value of the land expropriated at $1.85 per square foot. We find no manifest error in the determination by the trial court of the value of the property taken in the instant case. State, Through Dept. of Highways v. Salles, 387 So.2d 1278 (La.App. 1st Cir. 1980). Romano, supra, p. 227.
As to severance damages[2], this court in State, Through Dept. of Highways v. Wilson, 372 So.2d 632, (La.App. 1st Cir. 1979), defined severance damages and the method by which it is calculated as follow:
“Severance damage is any depreciation in market value of the remainder of a landowner’s property caused by the taking. Such damages are recoverable and are ordinarily calculated as the difference between the value of the remaining property before and after the taking. State, Department of Highways v. Denham Springs Development Co., Inc., 307 So.2d 304 (La.1975). The burden of proving severance damages rests on the landowner, who must prove such damages with legal certainty by a preponderance of the evidence. State, Department of Highways v. Levy, 242 La. 259, 136 So.2d 35 (1961). However, there is no fixed or artificial formula by which such damages must be proved. Louisiana Power and Light Co. v. Churchill Farms, Inc., 292 So.2d 183 (La.1974). In fact, the informed and reasoned opinion of an expert, corroborated by the facts in the record, may be sufficient proof of a severance damage loss, especially where it is accepted by the trier of fact. State, Department of Highways v. Ross Continental Motor Lodge, Inc., 328 So.2d 883 (La. 1976); State, Department of Highways v. Denham Springs Development Co., supra, and cases cited therein.
“In expropriation proceedings, the trial court’s factual findings as to severance damages and the evaluation of and the weight given to, the testimony of expert witnesses will not be disturbed on review absent a showing on manifest error. State, Department of Highways v. Ruckstuhl, 348 So.2d 701, 704 (La.App. 1st Cir. 1977); See Arceneaux v. Domingue, 365 So.2d 1330 (La.1980).”
Unlike determination of the market value of the land, for severance damage purposes the court needs to consider the effects of the completion of the project.
The trial judge accepted the analysis and appraisement of Mr. Stevenson as to the severance damages sustained by defendant. Mr. Stevenson concluded that the remainder of the property suffered severance damages for the following reasons:
“1. Taking removed Bitterwolf property from fronting on North Causeway approach at the intersection of LA-US Highway 190 at the point of a traffic cross-over and placed it behind a fence and drainage ditch fronting on a controlled access service road.
2. Taking caused extreme circuitous access.
3. Taking reduced visual access.
4. Taking reduced frontage from 370-49' to 295.52'.
5. Taking reduced average depth from 158.14' to 120.99'.
6. Taking magnified irregular shape.
*384 7. Taking completely changed highest and best use from prime highway commercial to controlled access service road (Secondary Commercial).”
The accessibility to the remainder is a significant factor since motorist approaching from the south must go past the property a half mile and return via a service road. This factor has been held significant for severance damage purposes. Salles, supra; State, Department of Highways v. Beatty, 288 So.2d 900 (La.App. 1st. Cir. 1973); State, Through Dept. of Highways v. Hoyt, 357 So.2d 1189 (La.App. 3rd Cir. 1978).
The amount of the severance damages was calculated by taking the before taking value of $1.85 per square feet, subtracting therefrom the after taking value of $1.00 per square foot and multiplying the remaining 35,196.48 square feet by the difference for a total of $29,917.01. This evidence fully supports the trial court’s award for severance damages.
Another measure of compensation enumerated in Louisiana Revised Statutes, Title 48, Section 453 is that of reasonable attorney fees. The statute provides that such fees shall not “exceed 25% of the difference between the award and the amount deposited in the registry of the Court.” La. R.S. 48:453 (E). The Court awarded defendant attorney’s fees of 25% of the aggregate of the principal and interest due.
The State deposited into the registry of the court the amount of $21,395.00. The Court awarded Mr. Bitterwolf, $71,579.97 plus interest from the date of taking (February 3, 1975). The trial court allowed defendants attorney’s fees in the amount of 25% of that award minus what the State had deposited into the registry of the Court. We do not find that the trial court abused its discretion in such an award. State, Dept. of Highways v. Terrebonne, 349 So.2d 936 (La.App. 1st Cir. 1977); State, Dept. of Transp. v. Van Willett, 386 So.2d 1023 (La. App. 3rd Cir. 1980).
For the reasons assigned, the judgment of the trial court is affirmed at appellants cost in the amount of $5,433.96.
Affirmed.

. This expropriation suit falls under the 1974 Louisiana State Constitution which took effect on January 1, 1975.

. Neither of the State appraisers concluded that there was severance damage to the remaining property.