PONDER, Judge.
Plaintiff, State of Louisiana, through the Department of Highways (now the Department of Transportation and Development), appealed from the judgment awarding severance damages and attorney’s fees.
The issues on appeal are the amounts of severance damages and the attorney’s fees.
We amend and affirm.
Under the provisions of LSA-R.S. 48:441, the quick-taking statute, plaintiff expropriated in 1976 two parcels of land from Willard C. Allen, the defendant, and deposited $5,448.00 in the registry of the court as just compensation. This was computed as $3,698.00 as the value of the land and improvements taken and $1,750.00 as severance damages to the remaining property. At trial, the parties stipulated to the value of $3,698.00. After trial, the court awarded $10,000.00 but said nothing of credit for the deposit of $1,750.00. It also awarded plaintiff a $3,300.00 judgment against the defendant, evidently intending to allow against the $10,000.00 awarded, a credit for the rental value of the remaining property between the taking in 1976 and its sale in 1979. The court awarded attorney’s fees in the amount of $2,150.00.[1]
The argument as to severance damages involved a commercial building known as the Cool Shop. Prior to the taking, the Cool Shop was between twenty-seven and twenty-eight feet from the highway and parking was available in front of the building as well as on the sides. The service area faced the street. After the taking, the front of the building was two feet from the right-of-way and approximately thirteen and one-half feet from the actual driving surface of the highway. Parking in front was no longer possible.
Plaintiff offered the testimony of two expert witnesses on the amount of severance damages. L.J. Roy testified that the cost of reproduction of the building at the time of the taking was $7,052.00. He believed the building suffered a ten percent loss of marketability after the taking. He believed the building could still be used in the same manner.
J.B. Pugh testified that it would be necessary to relocate the service area of the building from the front to the side. It was his opinion that a buyer would pay $1,750.00 less for the building after the expropriation.
Defendant stated that the way the roof was constructed made it difficult and costly to move the service area. He continued to use the building after the taking and rented it for over a year to Leslie Allen and was paid $100.00 a month plus expenses.
Defendant stated that he wanted a purchase price of $23,000.00, but knew that the building would have to be relocated away from the road because of the service area problems and the noise from truck traffic. Defendant sold the property for $13,000.00.
The purchaser testified that he would have paid $23,000.00 for the Cool Shop if there had been no taking. Because of the *1370 expropriation, it became necessary to remodel the building, but its construction made remodeling impractical. The purchaser tore down the building and built a larger pne behind the former location.
The trial judge rendered oral reasons for judgment. He stated that although he did not in any way question the integrity of the expert fee appraisers, it was necessary to take into consideration the fact that they did a great deal of work for the Louisiana Department of Transportation. He also asserted he was better informed as to building valuations, the costs of construction, the costs of established construction, and the going prices over the last ten years in Livingston Parish.
The measure of severance damage is found in La.R.S. 48:453(B) which provides:
“The measure of damages, if any, to the defendant’s remaining property is determined on a basis of immediately before and immediately after the taking, taking into consideration the effects of the completion of the project in the manner proposed or planned.”
The burden of proving severance damages rests on the landowner. There is no fixed or artificial formula, however, by which such damages must be proved. State, Through Department of Highways v. Wilson, 372 So.2d 632 (La.App. 1st Cir.1979).
The only testimony controverting the opinion of plaintiff’s experts was that given by the owner that he wanted and would have expected to get $23,000.00 for the property, and by the purchaser that he would have given $23,000.00 for the property before the taking. The owner of property is not disqualified in expressing his opinion simply because of the fact of ownership if he knows of comparable sales. Southern Natural Gas Company v. Sutton, 406 So.2d 669 (La.App. 2nd Cir.1981), writ denied, 412 So.2d 86 (La.1982).
But the qualifications of defendant’s witnesses as to value and the bases for their judgments are not shown. We believe the trial court committed manifest error in relying, to the exclusion of qualified experts, on the subjective testimony of the owner and the purchaser as to their opinions in 1979 of the loss sustained by Willard C. Allen in 1976, without giving the bases of those opinions, and on the judge’s private knowledge of construction costs and values.
We therefore believe that the only proof as to the amount of severance damages is that of $1,750.00.
Because this award was the amount of the deposit, there can be no award of attorney’s fees.
For the above reasons, the just compensation owed the defendant by the plaintiff is $5,448.00, being the same amount deposited and withdrawn from the registry of the court. The trial court’s award of attorney’s fees is set aside. All costs are to be borne by the defendant.[2]
AMENDED AND AFFIRMED.

. LSA-R.S. 48:453(E) provides:
Reasonable attorney fees may be awarded by the court if the amount of the compensation deposited in the registry of the court is less than the amount of compensation awarded in the judgment. Such attorney fees in no event shall exceed 25% of the difference between the award and the amount deposited in the registry of the court.

. Because the State deposited in court the true value of the land taken and all severance damages due the owner, it is not liable for the owner’s cost. State, Through Department of Highways v. Henderson Properties, Inc., 264 So.2d 348 (La.App. 1st Cir.1972), application not considered, 262 La. 1161, 266 So.2d 445 (1972).