427 So.2d 580 (1983)
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION & DEVELOPMENT
v.
Thomas B. GOLDSBY, Jr., et al.
No. 5-376.
Court of Appeal of Louisiana, Fifth Circuit.
February 7, 1983.
*581 Robert L. Ledoux, Baton Rouge, for plaintiff-appellant.
Talbot, Sotile, Carmouche, Marchand & Marcello, Donald T. Carmouche, Donaldsonville, for defendants-appellees.
Before KLIEBERT, GRISBAUM and DUFRESNE, JJ.
GRISBAUM, Judge.
The State of Louisiana, through the Department of Transportation and Development, appellant, brought suit to expropriate property owned by Thomas B. Goldsby, Jr. and James G. Robbins, appellees. The Department appeals the trial court's finding that the "highest and best use" of the tract of land is industrial and the corresponding award for the expropriated property. We affirm.
Appellees Mr. Goldsby and Mr. Robbins were the owners of a 4680.064 acre tract of land located on the westbank of the Mississippi River in St. James Parish. The property was being used for sugar cane farming. On January 9, 1980 the entire tract was the subject of an act of voluntary partition between Mr. Goldsby and Mr. Robbins. The effect of this partition was to divide the land into three parcels, Mr. Goldsby receiving 2295.794 acres, Mr. Robbins receiving 2299.12 acres, and both owners retaining joint-ownership of the 85.08 acres which were later expropriated. On October 3, 1980 the Department expropriated the 85.08 acres contained within a 300 foot wide right-of-way for the Donaldsonville-New Orleans Highway. The order was obtained under the "quick taking" statute, La.R.S. 48:441 et seq., and on October 3, 1980 the Department deposited $135,138 in the registry of the Court as its estimate of just compensation.
At the trial held on October 22, 1981 expert witnesses were called by both parties. Judgment was rendered on December 4, 1981 with written reasons for judgment on December 7, 1981 stating the highest and best use of the part taken was for industrial development and fixing the value at $404,130 as testified to by Mr. John LeJeune. The court found no severance damages and fixed the amount of agricultural damages at $15,246.28. The land owner is entitled to "just and adequate compensation" for the expropriation *582 of his land. Such compensation is measured by the market value of the property taken. State, Department of Highways v. Ponder, 345 So.2d 106 (La.App. 1st Cir.1977).
Market value has been defined to mean "... the worth of the land considered in the light of its best and highest use, this being the most favorable employment to which the property is adaptable and may reasonably be put in the not too distant future." State, Department of Highways v. Rapier, 246 La. 150, 164 So.2d 280 (La. 1964).
The use of the land considered in determining market value must be one which has a bearing on the market value at the time of the taking, and one which would be considered by a willing buyer as affecting the market value. Lafayette Airport Commission v. Roy, 265 So.2d 459 (La.App. 3d Cir.1972). Thus, potential use of expropriated property may be deemed its highest and best use for purposes of evaluation where there is reasonable expectation that property may be so used, developed, or employed in the reasonably foreseeable future. State, Department of Transportation and Development v. Davis, 394 So.2d 641 (La. App. 1st Cir.1980).
Mr. John LeJeune and Mr. Kermit Williams testified as appraisers on behalf of the defendant. The two were in agreement that the highest and best use of the subject property was industrial. Mr. LeJeune, whose appraisal was accepted by the court in its reasons for judgment, testified at length from his appraisal report of the property. He testified that the property is in an area of intense industrial activity. This is largely due to the proximity of the Cantrell Reach area of the Mississippi River, which is a uniformly deep area of the river which provides easy access for ocean-going vessels. Also, the property is located approximately five miles upriver from Capline, which is the terminal point for Louisiana offshore oil pipeline. He testified there is a lack of available land within that area which makes the subject tract more appealing. He foresaw more ancillary type businesses or small industrial developments that would feed off of the petrochemical industries existing in the area. He testified that although the property is without river frontage, the existence of a pipeline and railroad crossing on the property could be utilized by industries to move their materials on and off of the tract. By way of illustration, he stated that Ethyl Corporation, the largest manufacturer of tetra ethyl lead in the world, did not have access to the Mississippi River from the property they owned in Baton Rouge. All their material was brought in and taken out either by railroad or by pipeline. Therefore, he did not feel the lack of river access was determinative in utilizing the subject property for industrial purposes. Mr. LeJeune further testified as to the comparable sales in the area that he investigated. He listed 23 sales plus four leases which he felt had a bearing on the value he assigned to the subject property. Although all of his sales except one had river access he did adjust them accordingly. Mr. LeJeune placed the fair market value of the subject tract at $4,750 per acre or $404,130.
Regarding severance damages, he felt the presence of the road would be detrimental to the use of the rest of the property for industrial purposes. He stated industries do not want roads going through industrial complexes for security reasons and the problem of traversing the right-of-way. He did not feel the front acres would be adversely affected but the rear acres did suffer a loss of value of $100 per acre. Thus, the severance damages to 1021.982 acres at $100 an acre is $102,198 to which he added the value of the part taken of $404,130 and his total estimate of just compensation is $506,328. Mr. LeJeune admitted that he was not aware of the partition at the time he wrote his appraisal report but he did not feel the partition would decrease the amount of the severance damages.
Mr. Kermit Williams testified next on behalf of the appellees. He also felt the highest and best use of the property was industrial, particularly storage of energy sources. He also made comparable studies *583 of the sales in the area and stated he had been doing appraisals of property and following industrial sales since the early 1950's. Mr. Williams listed in his appraisal report at least a dozen other properties without river frontage that he used as comparables. He agreed with Mr. LeJeune that river frontage is just one of the many factors that is required for industrial use. He stated that railroads, pipelines, and the existence of a good source of electrical power are also important. He felt the desirability of the subject property was due to the presence of a great number of industries along the river which create a cumulative effect in that industries are needed to support the other industries, some taking raw materials from others and other taking the finished product. He concluded the 85 acres taken should be valued at $5000 an acre which would come to $425,400.
Mr. Williams felt that the presence of the 300 foot wide public highway through the property would adversely affect the rear part of the property. He testified he was personally involved in an appraisal of property in which a corporation insisted that a dedication of a road be revoked or they would not close the sale. He agreed with Mr. LeJeune that the front part would not suffer a loss in value whereas the rear acres would suffer a loss of $150 per acre resulting in an estimate of damages of $153,300. Mr. Williams testified the partition would not affect the values placed on the subject property or the severance damages. He felt that smaller tracts generally bring a larger unit price but there would be no material difference in the instant case.
Appellant presented the evidence of three expert witnesses, Messrs. Robert Merrick, Carr T. Dowell, and Peter J. Talluto. Mr. Merrick testified in his opinion the highest and best use of the subject property was for continued sugar cane farming and a slow expansion of residential and commercial development along Louisiana Highway 20. Mr. Dowell testified part of the tract had a highest and best use for residential purposes, the area fronting the river road had a commercial highest and best use, and the remaining acreage had a highest and best use of agriculture. Mr. Talluto testified the highest and best use of the property was agricultural with residential potential along Highway 20 and Highway 18.
Mr. Merrick disagreed with the testimony of Mr. LeJeune regarding a lack of land for sale. Mr. Merrick testified he handles approximately 90 percent of the transactions along the river in that area and there are several large tracts of land available for sale in St. James Parish. Mr. Merrick also felt the proximity to the Capline facility was not as promising industrially as Mr. LeJeune testified because there were several other properties available for sale closer to the facility. Mr. Merrick also disagreed with Mr. LeJeune's testimony by saying roadways benefit industrial sites rather than deter industry.
Although conflicting testimony was presented at trial, Mr. LeJeune's opinion of the highest and best use as industrial is supported by his testimony and that of Mr. Williams. We cannot say the trial judge was manifestly erroneous in finding the property may reasonably be put to industrial use in the not too distant future.
The trial judge awarded no severance damages. Mr. Talluto and Mr. Dowell made no findings as to severance damages. Although Mr. LeJeune did find severance damages it is the trial judge's prerogative to accept the testimony from an expert witness as to one issue and not accept it as to another. Therefore, his acceptance of Mr. LeJeune's testimony as to the highest and best use of the property as industrial and his finding of no severance damages is clearly within his purview. Absent a showing of manifest error, the finding of the trial court as to damages and his evaluation and weight given to the testimony of the expert witnesses will not be disturbed. State, through the Department of Highways v. Wilson, 372 So.2d 632 (La.App. 1st Cir.1979).
For the reasons assigned, the holding of the trial court is affirmed.
AFFIRMED.