PRESTON H. HUFFT, Judge Pro Tem.
In a suit by the Sewerage and Water Board of New Orleans to expropriate property of a homeowner, the Civil District Court for the Parish of Orleans held the property should be taken and damages awarded based upon an appraisal of the property in its present state. The trial court specifically refused to consider the highest and best use of the property, and it declared that any appraisal based on the principle of highest and best use would be too speculative. The trial court fixed the value of the property at $220,000.00 and awarded this amount to the homeowner for the taking. The trial court also awarded the homeowner and her spouse $32,000.00 for loss to their respective home occupations occasioned by the dislocation. Only the homeowner appealed, therefore the $32,000.00 awarded for dislocation is not at issue before this court. We increase the damages awarded to the homeowner for the expropriation of her property.
The property in this expropriation suit was located at 136 Maryland Drive in New Orleans. The property is composed of three lots and lies directly south of the 17th Street pumping station. The property is in an upper middle class residential neighborhood known for its safety. On the homeowner’s property, there was a large single home as well as an art studio building with a workroom. This home had originally been two separate homes each located on a separate lot. The houses had been joined by a covered walkway. Previous to being joined by the covered way, each home had its own municipal number.
Both the homeowner and her spouse resided on the property and conducted their occupations there. The homeowner was an artist with a serious reputation in the art community of New Orleans. Her spouse was an attorney who prosperously developed “tax vehicles” for executive clients. Their home was customized to accommodate both home businesses. Specifically, an art studio was constructed on the grounds at a cost of approximately $30,000. In addition, part of the living quarters were converted for use as an office by homeowner’s spouse for his “tax vehicle” practice.
The reason for taking this property was the proposed expansion of the 17th Street pumping station. The need for this expansion is no longer in dispute. The essential issue in this case is whether or not the trial court erred when it ruled that the property should be valued in its present state as one large house rather than two smaller ones. Does evaluation of the property in its present state comport with the rigors of the Louisiana constitutional provisions requiring compensation for the full extent of the loss as well as prior jurisprudence elucidating the legal impact of this provision? La. Const.1974, Art. 1, Section 4. In addition, the appellant also raises the issue of reasonable attorney fees and expert witness fees. The trier of fact has much discretion in allocating attorney fees and expert witness fees. We do not disturb the fees as awarded by the trial court.
At trial, the appellant contended that the standard of “best use” to which property could be put in the reasonably foreseeable future should have been used to appraise the property. However, the trial court accepted the appellee’s contention that this “best use” appraisal method was too speculative and that the property should only be appraised in its present state. Competent expert testimony was presented by both parties. The homeowner’s appraiser only evaluated the property using a “best use” method while the Sewerage and Water Board’s appraiser only used the present state method. Neither party’s expert thought it would be wise to evaluate the property using the alternate method. The trial court adopted the Sewerage and Water Board’s appraisal and in doing so fell into manifest error.
The trier of fact has much discretion in setting the value of property which is expropriated unless the determination of value is demonstrated to be obviously erroneous. Pillow v. Board of Commissioners, 425 So.2d 1267 (La.App.2nd Cir.1982). Because the trial court used the standard *655 of the present state of the home rather than an appraisal based on highest and best use of the property to determine its market value, the trial court did not justly and adequately compensate the homeowner for her loss. While there is no one set formula by which to establish damages, just and adequate compensation is the requirement in expropriation cases. State Department of Highways v. Kornman, 336 So.2d 220 (La.App.1st Cir.1976).
Further, in line with Article I, Section 4 of the Louisiana Constitution of 1974 requiring that a homeowner be compensated for the “full extent of his loss,” this court holds that the highest and best use of property which is taken for governmental purposes must be considered in evaluating said property. Otherwise the trial court logically can not adequately measure the full extent of the loss from the taking. In State, Department of Transportation and Development v. Goldsby, 427 So.2d 580 (La.5th Cir.1983), the Fifth Circuit underscores the connection between market value and best use when it defines market value in terms of its highest and best use, “this being the most favorable employment to which the property may reasonably be put in the not too distant future.” State, Department of Highways v. Rapier, 246 La. 150, 164 So.2d 280 (1964). Further, the Fifth Circuit in Goldsby, supra noted the following:
Thus, potential use of expropriated property may be deemed its highest and best use for purposes of evaluation where there is reasonable expectation that property may be so used, developed, or employed in the reasonably foreseeable future. State, Department of Transportation and Development v. Davis, 394 So.2d 641 (La.App.1st Cir.1980.
In Goldsby, supra, the appraiser found that the highest and best use of the property was industrial rather than agricultural as the state contended. Before the taking, the property was used for growing sugarcane but was wedged in between property where intense industrial activity was present. The trial court accepted the highest and best use standard for determining the value of the property. Specifically, the court evaluated the property in terms of its best use as either agricultural, industrial, or residential. In our case, the trial court expressly rejects the best use standard of evaluation. This rejection of highest and best use standard of evaluation is a clear departure from the constitutional mandate. The valuation of highest and best use is appropriate when property can be used, developed or employed in the reasonably forseeable future for a particular purpose.
Further, Louisiana law mandates that the landowner be placed by the court in as good a position pecuniarily as he would have been had the property not been taken. State, Department of Highways v. Bitterwolf 415 So.2d 196 (La.1982). It is illogical for the trial court not to consider highest and best use of the property. Certainly the homeowner could have decided to convert the property to its original state and sell the two homes separately. Conversion pri- or to sale would certainly have yielded more money to the homeowner than she would have received for selling the one large home. The record depicted that her home was out of the ordinary for the neighborhood. It was substantially larger than many homes on Maryland Drive. In addition, the record clearly reflects the homeowner established her claim by a preponderance of the evidence. The homeowner demonstrated that her property was more marketable, thus more valuable, as two small, family homes. The homeowner’s expert witness showed that conversion of the customized, large home into two smaller homes would be a significantly higher valuation than the Sewerage and Water Board’s appraisal, which the trial court accepted as valid.
Further, the actual value to any reasonable seller of this property would be the amount of the market value of the two smaller homes less the cost of conversion.[1] *656 Any reasonable seller will invest a modicum of money to substantially increase the value of a thing to be sold, particularly if it is evident that such an investment can be readily recouped by the sale of the object. In addition, this court has recently held that the determination of what amount will compensate the owner of a property right, to the full extent of his loss, must be made on evaluation of the facts of each case and the uniqueness of the thing taken. State, Department of Transportation and Development v. Winn, 463 So.2d 648 (La. App.4th Cir.1984). The uniqueness of this homeowner’s property must be considered by the trial court in determining its value. Rarely is a single family home actually two original homes joined by a covered walkway.
Accordingly, the judgment of the trial court is amended so to the increase the valuation of the property expropriated from $220,000.00 to $361,850.00. In all other aspects, the Judgment of the trial court is affirmed.
AMENDED AND AFFIRMED.

. The appraisal of the property was as follows: 136 Maryland Drive — 5188,000; 132 Maryland *656 Drive $185,900. Reconversion costs were estimated at $12,063. The total appraised value less reconversion costs is $361,850.00.